**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>JOHN J. HOPKINS, III,<br><br><br>Debtor. | Civil Action No. 23-2421 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on pro se Appellant John J. Hopkins, III's ("Hopkins") appeal (ECF No. 1) from the Bankruptcy Court's April 11, 2023 Order (Bankr. ECF Nos. 175, 176[1]).[2] (ECF No. 5.) Chapter 7 Trustee Andrea Dobin (the "Trustee") opposed. (ECF No. 6.) Hopkins subsequently filed a Motion to Stay the entry of judgment of a sanctions order pending the appeal (ECF No. 7), which the Trustee also opposed (ECF No. 8). The Court has carefully considered the parties' submissions and decides the appeal and motion without oral argument under Local Civil Rule 78.1. For the reasons below, the Court denies Hopkins's appeal in its entirety and denies Hopkins's motion to stay.

---

[1] Docket entries from the bankruptcy proceeding, *In re Hopkins*, No. 22-11747 (Bankr. D.N.J.), are designated as "Bankr."

[2] The Court notes that Hopkins was disqualified from serving as counsel to the Decedent Estate of Lois Ginley Hopkins ("Decedent Estate") due to certain conflicts. (*See* Bankr. ECF No. 55.)

I.  **BACKGROUND**[3]

In the spring of 2022, Hopkins filed a voluntary petition in bankruptcy court. (*See generally* Hopkins's Pet., Bankr. ECF No. 1.) Throughout the bankruptcy proceedings, Hopkins and the Trustee disputed the fate of Hopkins's principal residence in Long Branch, New Jersey (the "Property"), and have sought relief through multiple appeals to this Court.[4] (Hopkins's First Moving Br., ECF No. 5; Tr.'s First Opp'n Br.)

On September 16, 2022, the Bankruptcy Court authorized the sale of the Property, free and clear of liens, claims, and encumbrances (the "Sale Order"). (Sale Order, Bankr. ECF No. 90.) Hopkins appealed the decision to this Court (Bankr. ECF No. 95), and the Trustee filed a motion to dismiss the appeal as untimely. (Tr.'s First Opp'n Br. 5). Hopkins thereafter appealed to the Third Circuit, and on April 6, 2023, the Third Circuit dismissed the appeal. (*Id.*)

Separately, on October 18, 2022, the Trustee filed a motion for turnover of the Property, seeking authority to evict Hopkins. (Bankr. ECF No. 100; Tr.'s First Opp'n Br. 10.) On November 8, 2022, the Bankruptcy Court entered an uncontested eviction order (the "Eviction Order").[5] (Eviction Order, Bankr. ECF No. 112.) Hopkins appealed the decision to this Court pursuant to an Emergency Order to Show Cause, but his appeal was denied on November 15, 2022. (Bankr. ECF No. 137; Tr.'s First Opp'n Br. 11.) This Court granted the Trustee's motion to dismiss the appeal

---

[3] The Court recites only the facts necessary to contextualize the present appeal.

[4] The first appeal involved the Bankruptcy Court's order disqualifying Hopkins from serving as counsel to the Decedent Estate and Hopkins Family trust. (Tr.'s First Opp'n Br. 4-5, ECF No. 6; Bankr. ECF No. 107.) This Court dismissed the interlocutory appeal for lack of jurisdiction because Hopkins failed to obtain leave to appeal. (Bankr. ECF No. 107.)

[5] Appellant did not object to the relief sought in the Eviction Motion. (Tr.'s First Opp'n Br. 10-11.)

based on Hopkins's appeal of issues that he did not oppose in the Bankruptcy Court. (Tr.'s First Opp'n Br. 5-6.)

On January 20, 2023, pursuant to the Eviction Order, Hopkins was evicted from the Property. (*Id.* at 11.) Hopkins maintains that he was unable to collect all his belongings, which allegedly included documents protected by attorney-client privilege. (Hopkins's First Moving Br. 3-4.)

On February 14, 2023, Hopkins filed a motion to enter the Property (Bankr. ECF No. 163), which the Bankruptcy Court denied on March 15, 2023 ("Denial Order," Bankr. ECF No. 167). The Bankruptcy Court, however, gave Hopkins 48 hours from the entry of the Order to deposit $4,100 with the Trustee if he wished to obtain access to the Property for up to two hours to collect his confidential files. (*Id.*) On the condition that he timely pay the Trustee the deposit, the Bankruptcy Court also granted Hopkins a full business day should he wish to retrieve any personalty from the Property other than the files. (*Id.*) Hopkins neither paid the deposit, nor did he file a notice of appeal of the Denial Order. (Tr.'s First Opp'n Br. 12.)

On March 16, 2023, Hopkins filed a motion to stay pending appeal of the Denial Order.[6] (Bankr. ECF No. 168.) The Trustee opposed Hopkins's motion to stay and filed a cross motion (the "Cross Motion") requesting the Bankruptcy Court to hold Hopkins in contempt of the Bankruptcy Court's previous three Orders: the September 16, 2022 Order, the November 8, 2022 Order, and the March 15, 2023 Order (collectively, the "Orders"). (Cross Motion, Bankr. ECF No. 172.) Specifically, the Trustee sought to sanction Hopkins for dumping oil around the foundation of the Property, an action that required the Trustee to incur costs related to draining and filling an

---

[6] In the same motion, Hopkins also seeks permission to bring an interlocutory appeal of the Denial Order. (Bankr. ECF No. 168.)

3

oil tank. (Tr.'s First Opp'n Br. 13.) The Trustee contends that the oil dumping issue delayed the sale of the Property, which was consummated on August 17, 2023. (*Id.* 13-14.)

On April 11, 2023, the Bankruptcy Court entered an Order (the "April 11, 2023 Order"): (1) denying Hopkins's stay pending appeal of the Denial Order; and (2) granting the Trustee's Cross Motion, and thus holding Hopkins in contempt of the Bankruptcy Court's previous orders.[7] (Apr. 11, 2023 Order, Bankr. ECF No. 175; Bankr. ECF No. 176; *see also* ECF No. 1-2.)

Finally, on June 6, 2023, the Trustee filed a motion for sanctions against Hopkins pursuant to Federal Rule of Bankruptcy Procedure[8] 9011.[9] (Bankr. ECF No. 199.) On July 21, 2023, the Bankruptcy Court granted the Trustee's motion, sanctioning Hopkins $3,679.00 plus $50.00 in expenses. (Sanctions Order, Bankr. ECF Nos. 222, 223.)

Hopkins now appeals the Bankruptcy Court's April 11, 2023 Order (ECF No. 5), and moves to stay judgment of the April 11, 2023 Order and the Sanctions Order pending the appeal (ECF No. 7). The Trustee opposed both motions (ECF Nos. 6, 8), and Hopkins did not respond.[10]

---

[7] The Bankruptcy Court ultimately sanctioned Hopkins $7,564.77 for contempt. (Bankr. ECF No. 175.)

[8] All references to "Bankruptcy Rule" or "Bankruptcy Rules" hereinafter refer to the Federal Rules of Bankruptcy Procedure.

[9] The Trustee filed the motion for sanctions after Hopkins appealed the April 11, 2023 Order, twenty days after its entry. (Bankr. ECF No. 183). The Trustee provided Hopkins with a Federal Rule of Civil Procedure 11 Safe Harbor Notice, informing him that his appeal was filed in violation of Bankruptcy Rule 8002(a) and that it must be withdrawn to avoid a motion for sanctions. (Bankr. ECF No. 199, ¶¶ 20, 26-28.) Nonetheless Hopkins filed a motion to allow appeal *nunc pro tunc*, and thus the Trustee filed the motion for sanctions, arguing that the motion was severely flawed. (Bankr. ECF No. 199 ¶ 22.)

[10] Separately, Hopkins filed a motion to dismiss the Chapter 7 case (Bankr. ECF No. 225) which was denied by the Bankruptcy Court on September 20, 2023 (Bankr. ECF No. 236). Hopkins has appealed that decision (Bankr. ECF No. 239) to this Court, assigned as Case No. 23-20848. (Hopkins's Second Moving Br. 6, ECF No. 7; Tr.'s Second Opp'n Br. 13, ECF No. 8.)

## II. LEGAL STANDARD

A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees. 28 U.S.C. § 158(a)(1). District courts review bankruptcy courts' legal conclusions de novo, their "factual findings for clear error," and their discretionary decisions for abuse thereof. *In re United Healthcare Sys., Inc.*, 396 F.3d 247, 249 (3d Cir. 2005) (citations omitted). "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." *Secivanovic v. Jacobson*, No. 06-2640, 2006 WL 2376922, at *1 (D.N.J. Aug. 16, 2006) (citing Fed. R. Bankr. P. 8013). In deciding a bankruptcy appeal, a district court is limited to the record before the bankruptcy court. *In re Stone Res., Inc.*, 482 F. App'x 719, 722-23 (3d Cir. 2012).

## III. DISCUSSION

As an initial matter, the Court acknowledges that Hopkins's notice of appeal is untimely. Pursuant to Bankruptcy Rule 8002(a)(1), absent a request to extend the time to appeal, a notice of appeal must be filed within fourteen days of the date of the entry of the order being appealed. Fed. R. Bankr. P. 8002(a)(1). Here, without moving to extend the time to file the notice of appeal, Hopkins filed a notice of appeal on May 1, 2023, twenty days after the Bankruptcy Court entered its April 11, 2023 Order. (*See* Notice of Appeal, ECF No. 1; Bankr. ECF Nos. 175, 183.) The "prescribed timeline within which an appeal from a bankruptcy court must be filed is mandatory and jurisdictional," and thus the Court lacks jurisdiction to hear an untimely appeal. *In re Caterbone*, 640 F.3d 108, 110 (3d Cir. 2011). Therefore, Hopkins's untimely appeal is grounds to deny his motion. With a final warning that untimely motions will not be addressed by the Court in the future, the Court assesses the merits of his instant appeal below.

A.   **Appeal of the April 11, 2023 Order**

First, Hopkins appeals the April 11, 2023 Order, which: (1) denied Hopkins's stay pending appeal of the Denial Order; and (2) granted the Trustee's cross motion, whereby the Bankruptcy Court held Hopkins in contempt of the Bankruptcy Court's previous Orders.[11]

Pursuant to Bankruptcy Rule 8009(b), appellants must order "a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal[.]" Bankruptcy Rule 8009(b). Accordingly, dismissal of a bankruptcy appeal "is appropriate where the order being appealed from does not disclose the factual or legal basis of the bankruptcy judge's decision because the court may not 'conduct a meaningful review of the issue without reviewing the transcript.'" *In re Olick*, 466 B.R. 680, 695 (E.D. Pa. 2011), *aff'd*, 498 F. App'x 153 (3d Cir. 2012) (quoting *In re Corio*, No. 07-5864, 2008 WL 4372781, at *6 (D.N.J. Sept. 22, 2008)).

Here, Hopkins fails to provide any transcripts of the Denial Order on March 15, 2023 or the transcripts of the April 11, 2023 Order, where the Bankruptcy Court denied Hopkins's motion to enter the Property and denied the motion to stay pending appeal after respective oral arguments. (*See* Tr.'s First Opp'n Br. 19.) Hopkins states that he ordered the March 15, 2023 and April 11, 2023 Designation of Record on Appeal. (ECF No. 3.) Yet, the transmittal form from the Bankruptcy Court of the District of New Jersey to this Court does not indicate that Hopkins requested or ordered such transcripts. (ECF No. 3-1.) Nor is there any indication that Hopkins requested extensions, informing the Court of his difficulty in obtaining such transcripts. Moreover, Hopkins does not include any relevant references or quotes to the oral arguments in his brief. (*See generally* Hopkins's First Moving Br.) Instead, Hopkins focuses his analysis on a seemingly off-

---

[11] A Bankruptcy Court's decision holding a party in contempt is a final order of the Court. *In re AGR Premier Consulting, Inc.*, 550 F. App'x 115, 120 n.6 (3d Cir. 2014).

6

tangent issue: the Trustee's unethical conduct. (*Id.* 5-9.) Hopkins asserts alleged violations of legal ethics, including: (1) the Trustee's improper disposing of Hopkins's privileged files; (2) the Trustee's refusal to provide copies of the closing packet to Hopkins; and (3) the Trustee's actions seeking a deposit amount while continuing to hold the money from the sale of the Property. (*Id.* 8-9.) In short, Hopkins contends that the Trustee "has gone beyond ethical norms," intentionally risked disclosure of confidential files and information, and that "the award of $4,100 should be reversed." (*Id.* 5-9.)

Even if the Court were to focus on Hopkins's ethics contentions, the Court finds that "[Hopkins's] neglect to order transcripts prohibits this Court from conducting an 'informed, substantive appellate review'" of the appealed from orders, and therefore denial of his motion is warranted. *Heine v. Wells Fargo Bank, NA*, No. 20-10343, No. 20-10344, No. 20-10268, 2020 WL 7417812, at *4 (D.N.J. Dec. 18, 2020), *aff'd but criticized sub nom.*, *In re Heine*, No. 21-1531, 2022 WL 883938 (3d Cir. Mar. 24, 2022) (citations omitted) (dismissing appellant's motion because appellant failed to submit copies of relevant transcripts—which included the Bankruptcy Court's reasons for lifting the stay and denying reconsideration—for the court's consideration).

In sum, without the transcripts, the Court is unable to review the Bankruptcy Court's legal or factual findings. *See also Secivanovic*, 2006 WL 2376922, at *2 (denying petitioner's motion because petitioner "made no attempt to demonstrate why leave to appeal should be granted"). The Court accordingly denies Hopkins's appeal in its entirety.

**B.   Motion to Stay Pending the Appeal**

Next, Hopkins seeks to stay the Trustee's motion to enter judgment on the Sanctions Order pending appeal under Rule 8007. (Hopkins's Sec. Moving Br. 6.) The motion was denied by the Bankruptcy Court. (Bankr. ECF No. 247.)

7

"Under the Bankruptcy Rules, the appellant must support a motion to stay with reasons and facts to justify relief, affidavits or sworn statements to support disputed facts, and any relevant parts of the record." *Smith v. Manasquan Bank*, No. 18-48, 2018 WL 1512054, at *5 (D.N.J. Mar. 27, 2018) (citing Fed. R. Bankr. P. 8007(b)(3)). In considering stays of civil judgments, the Third Circuit weighs:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Secivanovic*, 2006 WL 2376922, at *1-2 (quoting *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991)) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *In re Thors*, No. 15-17602, 2017 WL 3314235, at *3 (Bankr. D.N.J. June 5, 2017) ("The first two factors are the most important in the Court's consideration of a request for a stay pending appeal.").

In a short paragraph, Hopkins states that he has the right to object and file appeals of the Bankruptcy Court's rulings, and that sanctioning a party under Bankruptcy Rule 9011 for filing an appeal would have "a chilling effect on the ability to freely access the Court as guaranteed under Due Process Clauses." (Hopkins's Sec. Moving Br. 7.) Otherwise, Hopkins does not bring forth any relevant facts or arguments on the issue.[12] (*See generally id.*) Furthermore, this Court has not been provided with any relevant transcripts from the Bankruptcy Court, which renders it impossible for the Court to assess whether Hopkins makes a strong showing that he is likely to succeed on the merits. "Therefore, the Court has no basis on which to conclude that [Hopkins's]

---

[12] Hopkins's brief instead elaborates on arguments regarding his appeal on his motion to voluntarily dismiss this bankruptcy matter, an issue that is irrelevant to this instant appeal. (Hopkins's Second Moving Br. 7-12.) *See also supra* n.6.

appeal will more likely succeed than fail, or even that there is a reasonable chance of success." *Manasquan Bank*, 2018 WL 1512054, at *5. The Court, accordingly, denies Hopkins's motion to stay entry of judgment on the Sanctions Order.

## IV. **CONCLUSION**

For the reasons stated above, the Court dismisses Hopkins's appeal and motion to stay the entry of judgment. The Court will enter an Order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**