**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>JOHN J. HOPKINS, III,<br><br><br>Debtor. | Civil Action No. 23-2421 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on pro se Appellant John J. Hopkins, III's ("Hopkins" or "Appellant") motion for reconsideration of the Court's December 4, 2023 Memorandum Opinion and request to "provide transcripts in forma pauperis [("IFP")]." (ECF No. 11.) Chapter 7 Trustee Andrea Dobin (the "Trustee") opposed. (ECF No. 12.) The Court has carefully considered the parties' submissions and decides the motion and request without oral argument under Local Civil Rule 78.1. For the reasons below, the Court denies Hopkins's motion and request.

**I.     BACKGROUND**[1]

The Court extensively detailed the facts of this matter in its December 4, 2023 Memorandum Opinion. (Mem. Op., ECF No. 9.) The Court accordingly only addresses facts that are relevant to Hopkins's pending motion.

---

[1] Docket entries from the bankruptcy proceeding, *In re Hopkins*, No. 22-11747 (Bankr. D.N.J.), are designated as "Bankr."

On December 4, 2023, the Court denied Appellant's appeal of the Bankruptcy Court's April 11, 2023 Order[2] (ECF No. 5), and also denied Appellant's motion to stay judgment of the April 11, 2023 Order and the Bankruptcy Court's sanctions order[3] pending the appeal (ECF No. 7). Notwithstanding Hopkins's untimely appeal, the Court found that Hopkins failed to provide any transcripts of the Bankruptcy Court proceedings relevant to the April 11, 2023 Order, and further failed to "bring forth any relevant facts or arguments on the issue." (Mem. Op. 8.)

## II.   LEGAL STANDARD

Reconsideration under Local Civil Rule 7.1[4] is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law or to prevent manifest injustice. *See id.* A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). A motion for reconsideration does not serve as an opportunity to ask the Court to rethink what it has already

---

[2] On April 11, 2023, the Bankruptcy Court entered an order (the "April 11, 2023 Order"): (1) denying Hopkins's stay pending appeal of an order denying Hopkins's motion to enter the principal property; and (2) granting the Trustee's cross motion to hold Hopkins in contempt of the Bankruptcy Court's previous orders. (Apr. 11, 2023 Order, Bankr. ECF No. 175; Bankr. ECF No. 176; *see also* ECF No. 1-2.)

[3] On June 6, 2023, the Trustee filed a motion for sanctions against Hopkins pursuant to Federal Rule of Bankruptcy Procedure 9011. (Bankr. ECF No. 199.) On July 21, 2023, the Bankruptcy Court granted the Trustee's motion, sanctioning Hopkins $3,679.00 plus $50.00 in expenses. (Sanctions Order, Bankr. ECF Nos. 222, 223.)

[4] Hopkins seeks reconsideration under Rule 59(e), Rule 60(b), or Rule50(e). None apply here. Fed. R. Civ. Pro. 59(e) (motion to alter or amend a judgment *after a trial*); 60(b) (grounds for relief from a *final* judgment, order, or proceeding); 50(e) (after denial of a judgment as a *matter of law in a jury trial*).

2

thought through. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)).

### III.  DISCUSSION

Hopkins's arguments require little analysis and therefore the Court will be brief.

### A.  Timeliness of Appeal

Hopkins first argues that his notice of appeal of the April 11, 2023 Order was not untimely because it was "filed within 12 days of [the] Notice." (Pl.'s Moving Br. *2-3.[5]) Hopkins appears to argue that he did not receive *actual notice* of the April 11, 2023 Order on the day it was entered, and therefore his notice of appeal filed on May 1, 2023 should be considered timely. (*See* Notice of Appeal, ECF No. 1; Bankr. ECF Nos. 175, 183.)

As stated in this Court's Memorandum Opinion, pursuant to Bankruptcy Rule 8002(a)(1), absent a request to extend the time to appeal, a notice of appeal must be filed within fourteen days of the *date of the entry of the order being appealed.* Fed. R. Bankr. P. 8002(a)(1). It is undisputed by the parties that the order being appealed was entered on April 11, 2023; therefore under Bankruptcy Rule 8002(a)(1), the notice of appeal must have been filed by April 25, 2023. *See* Fed. R. Bankr. P. 8002(a)(1). Here, the notice of appeal was filed on May 1, 2023 (*see* Notice of Appeal), and Hopkins failed to timely file a motion or request to extend the time to appeal. That Hopkins did not receive notice of the order being appealed by postal mail (Pl.'s Moving Br. *2 n.1) does not suffice as good cause, especially because, as noted on the Bankruptcy Court's docket, the

---

[5] Page numbers preceded by an asterisk refer to the page numbers atop the ECF header.

Bankruptcy Court's April 11, 2023 Order was decided after oral argument where Hopkins appeared pro se. (Bankr. ECF Nos. 175.)

Having failed to demonstrate that reconsideration is warranted here, the Court did not err when it found Hopkins's appeal to be untimely.

### B.     Request for Transcripts IFP

Next, Hopkins argues that "[w]ith the [n]otices of [a]ppeal, [he] filed a notice of [IFP]." (Pl.'s Moving Br. *3.) Hopkins's main argument appears to be that he is "cash strapped" due to the ongoing Bankruptcy proceeding and that his IFP application should have been granted with an "approval of [a] [t]ranscript order." (*Id.*)

Indeed, Hopkins appears to have filed the instant motion on the docket as a motion for reconsideration but also characterized it as a "motion for leave to proceed [IFP]." (ECF No. 11.) Yet, the docket is devoid of any IFP application.[6]

Moreover, *even if* the Court was to assume Hopkins properly filed an IFP application and was granted IFP status, there is no record that Hopkins in fact *requested* a transcript. As previously stated by this Court, "the transmittal form from the Bankruptcy Court of the District of New Jersey to this Court does not indicate that Hopkins requested or ordered [the March 15, 2023 and April 11, 2023] transcripts." (Mem. Op. 6.)

As such, the Court finds that it did not err when it denied Hopkins's appeal and motion to stay entry of judgment because he failed to provide the necessary transcripts.

---

[6] Upon review, Hopkins appears to have submitted IFP applications in other related cases, 3:23-cv-20850-MAS and 3:23-cv-20848-MAS. Those cases are separate and distinct from the instant case and thus IFP status in other proceedings do not trigger IFP status here. Importantly, Hopkins has not been granted IFP status in a parallel proceeding.

## IV. <u>CONCLUSION</u>

For the reasons stated above, the Court denies Hopkins's motion for reconsideration and "request for transcripts [IFP]." The Court will enter an Order consistent with this Memorandum Opinion.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**
